IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE OHIO CASUALTY INSURANCE
COMPANY, an Ohio Corporation,

      Plaintiff,

v.                                                  CV 09-0403 MCA/GBW

LUIS A. NAVARRO, JR.,

      Defendant.

## ORDER SETTING PRETRIAL DEADLINES
## AND ADOPTING JOINT STATUS REPORT

This case came before me for a Rule 16 initial scheduling conference. The case is hereby assigned to a standard case-management track. Additionally, the Joint Status Report filed by the parties is adopted as an order of the Court, except as provided below:

The termination date for discovery is **November 30, 2009**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Without leave from the Court, discovery shall be limited to a maximum of: (1) 20

interrogatories by each party to any other party; (2) 20 requests for admissions by each party to any other party; and (3) 7 depositions by each party. Each deposition, other than of parties and experts, shall be limited to a maximum of 4 hours unless extended by agreement of the parties.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **December 17, 2009**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); D.N.M.LR-Civ. 26.3(b). Plaintiff(s) shall identify to all parties in writing any expert witness to be used by Plaintiff(s) at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than **September 28, 2009**. All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) no later than **October 28, 2009**.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **December 28, 2009**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other

than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Counsel are directed to submit a consolidated final pretrial order as follows: Plaintiff(s) to Defendant(s) on or before **February 11, 2010**; Defendant(s) to Court on or before **February 25, 2010**. Counsel are directed that the pretrial order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

IT IS SO ORDERED.

_____
United States Magistrate Judge